# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PEOPLE'S UNITED EQUIPMENT FINANCE CORP.,** | : CIVIL ACTION NO. 1:11-CV-771 |
| | : |
| | : (Judge Conner) |
| **Plaintiff** | : |
| | : DATE: April 22, 2011 |
| v. | : |
| | : TIME: 11:45 a.m. |
| **NAPCON, INC.,** | : |
| **NAPCON ENTERPRISES, INC.** | : |
| **A.R. POPPLE, INC.,** | : |
| **ANTHONY R. POPPLE,** | : |
| **NANCY A. POPPLE, and** | : |
| **THE POPPLE PARTNERSHIP,** | : |
| | : |
| **Defendants** | : |

## *EX PARTE* TEMPORARY RESTRAINING ORDER AND
## ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

AND NOW, this 22nd day of April, 2011, upon consideration of the verified complaint filed by People's United Equipment Finance Corp. ("People's"), wherein People's seeks, *inter alia*, a temporary restraining order ("TRO") and a preliminary injunction, and the court concluding that the moving papers establish irreparable injury in the absence of a TRO because of the concealment of assets, the potential for conversion of assets, the dissipation of assets/value, and termination of insurance thereon, see FED. R. CIV. P. 65, it is hereby ORDERED that:

1. A hearing on the request for a **preliminary injunction** will commence at **10:00 a.m. on Tuesday, May 3, 2011**, in Courtroom No. 2, Ninth Floor, Federal Building, 228 Walnut Street, Harrisburg, Pennsylvania. Defendants are ordered to appear before this court at said time and place, and to show cause why an order should not be entered forthwith in favor of People's, directing the U.S. Marshal forthwith to seize the following:

- one D9H Caterpillar Crawler Dozer, s/n 4751
- one D9H Caterpillar Crawler Dozer, s/n 4907
- one 3309 Terex Rear Dump, s/n T51039
- one 3309 Terex Rear Dump, s/n T51040
- one D9H Caterpillar Dozer, s/n 90V5165
- one 9020B Case Excavator, s/n DAC0202827
- one 52500 HD Indeco Hammer, s/n 3399
- one 9060B Case Excavator, s/n EAC0601056
- one TA40 Terex Articulated Dump, s/n A7771125
- one 330 Hitachi Excavator s/n 1H1P022157
- one 450LC Hitachi Excavator, s/n 16CP008390
- one D9H Caterpillar Dozer, s/n 90V6861
- one H55 Demag Excavator s/n 11136
- one R50 Euclid Dump, s/n 201LD 270
- one D9L Caterpillar Dozer, s/n 14Y1280
- one 773 Caterpillar Dump, s/n 63G2225
- one 773 Caterpillar Dump, s/n 63G2239
- one 550 Hitachi Excavator, s/n 17HP007114
- one 140G Caterpillar Grader, s/n 72V08741
- one 9060B Case Excavator, s/n EAC0601084
- one D65PX-15 Komatsu Dozer, s/n 67253
- one D61PX-15 Komatsu Crawler Dozer, s/n B41155
- one 730 Caterpillar Articulated Off Highway Dump Truck, s/n AGF00383
- one 730 Caterpillar Articulated Off Highway Dump Truck, s/n AGF00344
- one D400D Caterpillar Articulated Off Highway Dump Truck, s/n 8TF00994

including all attachments and accessories to all of the foregoing (collectively, the "equipment"), and directing that if the equipment is not delivered to the U.S. Marshal, to break open, enter, search for, and seize the equipment in the place(s) where the equipment may be, and then to hold the equipment pursuant to the provisions of Rule 64 of the Federal Rules of Civil Procedure, and directing defendants and their officers, agents, and employees, as applicable, to divulge the location of the equipment.

2. Defendants and their agents, servants, employees, and all persons acting in concert with defendants shall not remove any of the equipment from the equipment's present location, nor use, operate, transfer, sell, pledge, hypothecate, or otherwise dispose of the equipment until the hearing and determination of this motion.

3. A copy of this *ex parte* TRO and Order to Show Cause, and the verified complaint, shall be served upon all defendants, at their last known business and personal addresses, on or before Wednesday, April 27, 2011. Said service shall be made by personal service, by a nationally-recognized overnight delivery service, and by facsimile. People's shall provide the court with proof of service at the time of the hearing and shall docket the same in the court's electronic filing system.

4. Defendants shall file answering papers no later than 12:00 p.m. on Monday, May 2, 2011. Failure to file answering papers in a timely fashion shall be construed as concurrence in the requested relief.

5. On or before Tuesday, April 26, 2011, People's shall post security in the amount of $10,000, to be filed with the court, for the payment of any costs or damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

6. This TRO shall take effect upon the posting of said bond, and shall expire on the conclusion of the hearing, unless extended.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge