IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEOPLE'S UNITED EQUIPMENT FINANCE CORP. f/k/a FINANCIAL FEDERAL CREDIT, INC. | : | |
| Plaintiff | : | |
| v. | : | 3:11-cv-0771 |
| | : | (JUDGE MARIANI) |
| NAPCON, INC., et al. | : | |
| Defendants | : | |

## MEMORANDUM OPINION

On November 30, 2012, this Court entered a Memorandum and Order granting Plaintiff People's United Equipment Finance Corp f/k/a Financial Federal Credit, Inc.'s Motion for Summary Judgment (Doc. 31). Summary judgment was entered against all Defendants, except Nancy Popple, and Defendants were ordered to surrender all accounts receivable and various pieces of collateral detailed in the Security Agreements. On December 28, 2012, Defendant, the Popple Partnership, filed a Motion to Alter or Amend Judgment (Doc. 33) and a Motion to Stay (Doc. 35). For the reasons set forth in this Memorandum Opinion, Defendant's Motion to Alter or Amend Judgment will be granted in part as to the Popple Partnership, and accordingly, the Partnership's liability under the Guaranty admittedly signed by Anthony Popple, one of the two partners of the Popple Partnership, will be determined at trial. Specifically, the court finds that there are issues of fact as to whether the Guaranty given by the Popple Partnership was given by a partner,

Anthony Popple, "for apparently carrying on in the usual way the business of the Partnership of which he is a member", see 15 Pa.C.S.A. § 8321(a), as well as whether Anthony Popple, in so acting, had authority to act for the Partnership in the particular matter and, if not, whether the person with whom Anthony Popple dealt had knowledge of the fact that he had no such authority. Further, and also to be determined at trial, should it be found the Guaranty given by the Popple Partnership was not for "apparently carrying on in the usual way the business of the Partnership," see id., the jury will determine whether the signature of Nancy Popple was in fact forged on the Guaranty by her husband, Anthony Popple, or otherwise affixed to the Guaranty without her consent and not thereafter ratified by her. Thus, the Court vacates the judgment entered against the Popple Partnership but denies its request that it be dismissed from this action with prejudice. Instead, as noted above, the Plaintiff's claims against the Popple Partnership will proceed to trial.

## BACKGROUND

The facts relevant to this matter are detailed at length in the Court's November 30, 2012 Memorandum Opinion (Doc. 31). For the sake of judicial economy, the Court incorporates the undisputed facts from its earlier opinion as if fully set forth herein.

## STANDARD

A motion for reconsideration is a mechanism "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration is generally permitted only upon the basis of three

2

grounds: (1) there is an intervening change in the controlling law; (2) new evidence becomes available; or (3) clear error of law or to prevent manifest injustice. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

## DISCUSSION

### I. Motion to Alter Judgment

Defendant moves to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e), for the purpose of seeking reconsideration of the November 30, 2012 Memorandum and Order granting summary judgment against them. Defendant argues that the Court "made an error or misapprehension of fact in finding that the Partnership's guarantee of the defendant makers or borrowers obligations under two separate promissory notes was made in the ordinary course of its business activities." *See* Defs.' Br. in Supp. at 2, ECF Dkt. 34. Further, Defendant maintains that "[t]he Court based its decision on the fact that the promissory notes did not require the proceeds of the financings to be used for any particular purpose other than for a business purpose." *Id.* Defendant continues to assert that "[t]he Court reasoned that the Partnership could have used the proceeds of the financings in its business activities and, therefore, the Partnership guaranteed the defendant makers obligations under the promissory notes in the ordinary course of its business activities." *Id.* Defendant believes that this was an erroneous construction of the facts, and that no "cash proceeds" resulted from the loan transactions. Defendant asserts that a lack of "cash

3

proceeds" prevents the Court from finding that the Popple Partnership derived any benefit from the loan transactions to which it signed as a guarantor.

At the outset, the Court notes that Defendant's Motion to Alter or amend Judgment does not involve an intervening change in the controlling law, nor does it involve the discovery of new evidence. The sole purpose of Defendant's motion is to correct what Defendant perceives as a misapprehension of certain material facts by the Court, which in turn, led to the grant of summary judgment in Plaintiff's favor.[1] In the present matter, the Court's November 30, 2012 Memorandum Opinion was premised on what it determined to be the undisputed facts presented, and as a matter of law, determined that Plaintiff was entitled to judgment in its favor as to Defendants' Napcon, Inc., Napcon Enterprises, Inc., A.R. Popple, Inc., Anthony Popple and the Popple Partnership. The Motion to Alter or Amend Judgment in this case has been brought by the Popple Partnership only. The Court grants reconsideration on the basis of its own review, and not on the basis of any argument or citation to the record presented in Defendant's motion or its brief in support thereof.

Defendants argue that the Popple Partnership cannot be liable as a guarantor on the Promissory Notes underlying this litigation because Nancy Popple's signature is an alleged forgery on both the individual Guaranty and those guaranties executed on behalf of the Popple Partnership. As such, under Pennsylvania law, only one general partner was

---

[1] Plaintiff's argument that Defendants' Motion to Alter Judgment is untimely is unfounded, and the Court will decide the motion on its merits. Pursuant to Fed. R. Civ. P. 59(e), a Motion to Alter Judgment must be filed within 28 days after the entry of judgment. Judgment was entered by this Court on November 30, 2012, and Defendants filed their Motion to Alter Judgment 28 days later on December 28, 2012. Accordingly, Defendants' motion is timely.

4

required to sign the Guaranties to make it binding along as the provisions of 15 Pa.C.S.A. § 8321 are met.[2] The Court's earlier ruling, however, did not need to consider the authenticity of her signature in order to bind the Popple Partnership because we found that the Guaranties were executed in the normal course of the Popple Partnership's business. Such a determination, however, requires the existence of certain facts to show conformity with the provisions of 15 Pa.C.S.A § 8321 which, on review of the record, are either entirely absent or in dispute.

Defendant additionally claims that the Popple Partnership derived no benefit from the Guaranties and that the underlying loans did not provide any benefit, monetary or otherwise, to the Popple Partnership. This argument is flawed because the Guaranties contain explicit language acknowledging that they are executed with the intention of providing a benefit to

---

[2] Pennsylvania's Partnerhsip Code provides:
(a) General rule. Every partner is an agent of the partnership for the purpose of its business and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership unless the partner so acting has in fact no authority to act for the partnership in the particular matter and the person with whom he is dealing has knowledge of the fact that he has no such authority.
(b) Absence of apparent authority. An act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners.
(c) Limitations on authority of individual partners. Unless authorized by the other partners or unless they have abandoned the business, one or more but less than all the partners have no authority to:
(1) Assign the partnership property in trust for creditors or on the promise of the assignee to pay the debts of the partnership.
(2) Dispose of the goodwill of the business.
(3) Do any other act which would make it impossible to carry on the ordinary business of a partnership.
(4) Confess ajudgment.
(5) Submit apartnership claim or liability to arbitration or reference.
(d) Effect of knowledge of restriction. No act of a partner in contravention of a restriction on his authority shall bind the partnership to persons having knowledge of the restriction.

15 Pa. C.S.A. § 8321.

the guarantors. Each Guaranty, including the one executed by the Popple Partnership, contains the following language:

> Guarantor acknowledges and warrants that Guarantor derived or expects to derive financial and other advantage and benefit, directly or indirectly, from the Obligations and each and every advance thereof and from each and every modification, renewal, extension, release of collateral or other relinquishment of legal rights made or granted or to be made or granted by Beneficiary to Subject, and that such benefit is an amount not less than the amount guaranteed hereunder.

See Popple Partnership Guarantee Documents, ECF Dkt. 1-7, at 6.

Accordingly, the Popple Partnership explicitly acknowledged that it expected to derive some benefit, "directly or indirectly," as a result of its participation as a guarantor. This language belies Defendant's arguments that the Popple Partnership did not receive any benefit as a result of signing the Promissory Notes and Security Agreements in October 2009 and January 2010. Nonetheless, the Popple Partnership's receipt of benefit, whether directly or indirectly, as a result of its participation as a Guarantor of the notes executed by Defendants Napcon, Inc., Napcon Enterprises, Inc. and A.R. Popple, Inc., does not resolve the fundamental issues of fact as to whether the execution of the Guaranty by Anthony Popple on behalf of the Popple Partnership satisfies the provisions of the Pennsylvania Partnership Code, 15 Pa.C.S.A. § 8321. In particular, there are issues of fact as to what the "business" of the Popple Partnership is, whether the giving of a Guaranty for the indebtedness of other entities owned by Partners, Anthony Popple and Nancy Popple, constitutes the apparent carrying on in the usual way the business of the partnership, and

whether Anthony Popple had authority in fact to act for the Popple Partnership in executing the Guaranty and, if not, whether the person with whom he dealt had knowledge of the absence of his authority to act for the partnership. These are issues of fact which cannot be determined on the summary judgment record before this Court. Additionally, as noted above, the liability of the Popple Partnership remains at issue, even if Anthony Popple's execution of the Guaranty is found insufficient, since a determination by a jury that Nancy Popple's signature was not forged by Anthony Popple, or that she consented to or ratified his signing of her name on the Guaranties will operate to impose liability on the Popple Partnership under the Guaranties at issue in accordance with 15 Pa.C.S.A. § 8321(b).

"The purpose of summary judgment is to remove from the action any claims or issues as to which there is no genuine dispute over any material fact. See Rule 56(a). It is therefore the function of the Court to determine whether such a dispute exists, and the Court may not resolve that dispute in deciding a summary judgment motion." *Moore's Federal Rules Pamphlet* 2013 § 56.8[2]. Further, "[f]or purposes of ruling on a summary judgment motion, all factual inferences are to be taken against the moving party in favor of the opposing party, and a case is not suitable for summary judgment when there are undisputed facts from which different inferences might be drawn and as to which reasonable minds might differ." *Id.*

In this case, there are disputed issues of fact as to what constitutes the "business" of the Popple Partnership. The Partnership Agreement governing the Popple Partnership is

not of record; nor is there any other evidence of record that establishes beyond dispute what the business of the Popple Partnership is and, specifically, whether the business of the Partnership includes the giving of guaranties for other business organizations, including corporate entities such as Napcon, Inc., Napcon Enterprises, Inc. and A.R. Popple, Inc. of which the Partners in the Popple Partnership are either owners or officers. Further, if it is established that the giving of guaranties constitutes the carrying on in the usual way the business of the Popple Partnership, there are issues of fact as to whether Anthony Popple, in executing the Guaranty, had the authority to act for the Partnership in doing so and, if not, whether the person with whom he dealt had knowledge of the absence of such authority. These issues preclude the grant of summary judgment in favor of the Plaintiff as to the Popple Partnership. The Popple Partnership, however, will not be dismissed from this case and instead its liability to the Plaintiff under the Guaranties in question will be determined at trial. For these reasons, the Motion of Defendant, the Popple Partnership, to amend or alter judgment will be granted in part and denied in part in accordance with this Opinion.

II. Motion to Stay

Defendants' Motion to Stay enforcement of the Court's November 30, 2012 judgment pending the resolution of the Motion for Reconsideration is rendered moot with the filing of this opinion. Accordingly, the Motion to Stay will be denied.

## CONCLUSION

For the reasons set forth in this memorandum opinion, Defendants' Motion for Reconsideration will be granted in part and denied in part, and Defendans' Motion to Stay will be denied.

Date: May 2, 2013

Robert D. Mariani
United States District Judge